Syrous TASHNIZI, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 78–2303

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Sauer & Hormachea, Nancy Hormachea, Houston, Tex., for petitioner..

Griffin B. Bell, Atty. Gen., Philip Wilens, Chief, Government Reg. and Labor Section, James P. Morris, Eric A. Fisher, Attys., Dept. of Justice, Washington, D. C., for respondent.

R. W. Heston, Dist. Director, Immigration and Naturalization Service, Los Fresnos, Tex., Troy A. Adams, Dist. Director, Immigration and Naturalization Service, New Orleans, La., for other interested parties.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM.

In this deportation proceeding the immigration judge found the petitioner deportable for failure to comply with the conditions of his nonimmigrant student status, a violation of Section 241(a)(9), Immigration and Nationality Act, 8 U.S.C. 1251(a)(9). The judge ordered that the petitioner be granted voluntary departure, and, in case the petitioner failed to depart voluntarily, the judge further ordered deportation.

The Board of Immigration Appeals dismissed the appeal by the petitioner and ordered the petitioner's departure or deportation as provided in the immigration judge's orders.

The decisions of the immigration judge and the Board of Immigration Appeals were based on two grounds. First, it was determined that the petitioner had been employed without the permission of the Immigration and Naturalization Service (INS), a violation of 8 C.F.R. § 214.2(f)(6). Second, it was determined that the petitioner failed to "pursue a full course of study," a violation of 8 C.F.R. § 214.2(f)(1a) and Section 101(a)(15)(F)(i), Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(F)(i). Both these violations are grounds for deportation under 241(a)(9), Immigration and Nationality Act, 8 U.S.C. § 1251(a)(9).

Since we affirm the Board's order and its dismissal of the appeal on the first ground, dealing with the employment of the petitioner, we do not reach the second ground, dealing with the petitioner's pursuit of his studies.

8 C.F.R. § 214.2(F)(6) provides that a nonimmigrant student, while school is in session, may work up to 20 hours per week with the authorization of the INS. Based on evidence presented at the hearing, the immigration judge determined that the petitioner had been working up to 40 hours a week and without any employment authorization from the INS.

The Board of Immigration Appeals correctly ruled that some of the evidence of the petitioner's employment was inadmissible because it was elicited from the petitioner on the stand after he was improperly denied his Fifth Amendment privilege against self-incrimination. The Board was also correct in finding that the letter from the Southland Corporation was admissible even though it was hearsay. Uncontradicted hearsay evidence is admissible in deportation proceedings if it is probative and its use is not "fundamentally unfair so as to deprive petitioner of due proc-

ess." *Marlowe v. INS*, 457 F.2d 1314, 1315 (9th Cir. 1972).[1]

The determination that the petitioner was employed without INS authorization is supported by reasonable, substantial, and probative evidence on the record. 8 U.S.C. § 1105a(4). Thus, we affirm the order of the Board of Immigration Appeals providing for the voluntary departure of the petitioner, and in the event of a failure to depart as ordered by the Board, the deportation of the petitioner. In so affirming, we do not reach the finding by the immigration judge and the Board of Immigration Appeals that the petitioner violated 8 C.F.R. Section 214.2(f)(1a) by failing to complete 12 credits of work in the fall semester of 1977.

AFFIRMED.

---

1. However, the Board was wrong to rule, apparently in the alternative, that the immigration judge properly admitted the Southland letter under the business record exception to hearsay, Fed.R.Evid. 803(b). Specifically, the immigration judge was wrong to put on the stand the counsel for the immigration service, and to accept him as a trustworthy and qualified "custodian" for the document. It is clear from the transcript that the immigration lawyer had no personal knowledge that the letter was prepared, received or kept in the ordinary course of Southland or INS business. It is also clear that the letter was in his custody for the limited and temporary purpose of submitting it in evidence against the petitioner. In addition, we can not overlook the profound, though entirely proper, adversary bias of an attorney in such a situation.