DIAMAX HAWAII, LTD., PLAINTIFF v. UNITED STATES, DEFENDANT

Before RE, *Chief Judge.*

Court No. 78-11-01931

(Decided October 26, 1982)

*Herbert K. Tom* for plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch *(Jerry P. Wiskin* at the trial and on the brief), for the defendant.

RE, *Chief Judge:* The question presented in this action pertains to the "constructed values" of numerous articles of jewelry imported from Hong Kong by plaintiff, Diamax Hawaii, Ltd. The Customs Service appraised the jewerly in accordance with section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 19 U.S.C. 1401a(d) (1976) (repealed 1980), by adding the cost of fabrication and materials, plus 30% for general expenses

and profit. Plaintiff agrees that the values should be determined under this provision, but contends that the markup for general expenses and profit should be only 20%, an amount equal to the markup used to calculate the invoice prices of the goods. Plaintiff further asserts that, if the claimed values are found to be correct, many of the articles should be admitted free of duty under the Generalized System of Preferences (GSP).

After a thorough consideration of the evidence adduced at trial and the arguments of the parties, the court concludes that plaintiff has failed to bear its burden of proof that the valuation by Customs is incorrect. 28 U.S.C. 2639. The valuation of the goods by Customs is, therefore, affirmed. Consequently, none of the goods qualifies for duty-free entry under the GSP.

Plaintiff, Diamax Hawaii, Ltd., is a Hawaii corporation engaged in the business of importing and selling jewelry and semiprecious stones. The articles which are the subjects of this action were purchased by Diamax Hawaii during 1976 and 1977 from Diamax, Ltd., a Hong Kong corporation which manufactures and sells jewelry (Diamax Hong Kong). Diamax Hawaii is wholly owned by shareholders of Diamax Hong Kong, and the parties to this action agree that, for the purpose of determining the customs value of the imported merchandise, the two corporations are related.

At the trial, plaintiff called only one witness, Mr. Yuen Sang So, who testified with the aid of an interpreter. Mr. So, who is the president of Diamax Hawaii and the managing director of Diamax Hong Kong, testified that the invoice prices of the jewelry sold to Diamax Hawaii by Diamax Hong Kong were determined at the direction of the Diamax Hong Kong board of directors by adding to the cost of labor and materials 20 percent for general expenses and profit. No price negotiations took place, nor does Diamax Hong Kong publish any pricelists. Mr. So, however, testified that the same formula was used to calculate the prices of all jewelry sold by Diamax Hong Kong to any of its customers. Mr. So further testified that the 20 percent figure used by Diamax Hong Kong to cover general expenses and profit reflected the prevailing pricing practice in the Hong Kong jewelry trade.

During the course of Mr. So's testimony, plaintiff sought to introduce into evidence certain documents through which it hoped to prove that the markup reflected in the invoice prices of the imported goods approximated the usual markup reflected in the wholesale prices of jewelry manufactured in Hong Kong for export to the United States. One exhibit consisted of an invoice and chart related to a sale of jewelry made by Diamax Hong Kong. Mr. So testified that the documents were prepared in the normal course of business, but he could not identify the party to whom the jewelry was sold. Defendant objected to the admission of the exhibit into evidence on grounds of relevancy. Citing *J. L. Wood* v. *United States,* 62 CCPA 25, C.A.D. 1139, 505 F.2d 1400 (1974), defendant

argued that the documents were irrelevant because, in applying the tariff laws of the United States, only sales of merchandise of the same general class or kind for export *to the United States* may be considered. The objection was sustained.

Two other exhibits consisted of various invoices which Mr. So indicated he had obtained from an officer of the Chung Hing Jewellery Company of Hong Kong. The invoices were allegedly generated by an actual sale of jewelry by Chung Hing to a company in San Francisco, California. Plaintiff asserted that the invoices were competent evidence of the usual markup of jewelry manufactured in Hong Kong for export to the United States.

Defendant objected to the admission of the Chung Hing invoices into evidence, alleging that they constituted hearsay evidence not within any of the recognized exceptions to the hearsay rule. Since the witness, Mr. So, was not a proper custodian of these records, and plaintiff did not establish the unavailability of a proper custodian or the existence of circumstantial guaranteees of trustworthiness, the court sustained defendant's objections, Fed. R. Evid. 803(6), 803(24), 804(b)(5). *See Tashnizi* v. *I.N.S.,* 585 F.2d 781, 783 n.1 (5th Cir. 1978) (government attorney who obtained letter from private corporation for the limited and temporary use of submitting it in evidence is not a witness qualified to authenticate the document as a business record).

Plaintiff also submitted exhibit 4, a document used by Diamax Hong Kong to calculate the prices of the goods which are the subjects of this action. This exhibit was properly authenticated and admitted into evidence.

In support of Customs' determination of the constructed value of the jewelry, the defendant offered the results of a foreign investigation conducted by the United States Customs Representative in Hong Kong. The investigative report, which was admitted into evidence pursuant to 28 U.S.C. 2639(c), indicates that other Hong Kong jewelry manufacturers, who produced and sold jewelry similar to that manufactured by Diamax Hong Kong, usually set their prices by adding to the base cost of the jewelry 25 percent to 30 percent for general expenses and profit. The report also disclosed that, in 1976, Diamax Hong Kong's expenses were approximately 25 percent of total sales.

Under the Tariff Act of 1930, as it existed at the time of these importations, constructed value was determined by adding the cost of materials and fabrication, plus an amount for general expenses and profit, plus the cost of all containers and coverings. Tariff Act of 1930, § 402(d), as amended, 19 U.S.C. 1401a(d) (1976) (repealed 1980). Since, in this case, the parties agree that the proper basis of appraisement is constructed value, and the costs of fabrication, materials and containers are not disputed, the only question before the court is whether Customs correctly determined the amount to be included for general expenses and profit. By virtue of the statu-

tory presumption of correctness, plaintiff bears the burden of proving that the determination by Customs was incorrect. 28 U.S.C. 2639.

Section 402(d)(2) of the Tariff Act states that, in determining constructed value, the amount to be included for general expenses and profit should be:

> Equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States;

The question presented, therefore, is whether plaintiff has borne its burden of proof that the 30 percent figure, used by Customs for general expenses and profit, is inconsistent with the usual practice of Hong Kong jewelry manufacturers when setting the wholesale prices of goods for export to the United States. Since plaintiff did not succeed in bearing its burden of proof, the valuation of Customs must be affirmed.

The only evidence supporting plaintiff's contention is the testimony of Mr. So, an officer of plaintiff corporation, and the calculation sheet prepared by Diamax Hong Kong, a corporation closely related to plaintiff corporation. While this is some evidence of the pricing practices of Hong Kong jewelry manufacturers, evidence of the pricing scheme used by a single manufacturer is not sufficient to establish the pricing practices of Hong Kong jewelry merchants as a group. Mr. So's testimony, which the court found unconvincing, is clearly insufficient to overcome the presumption of correctness which attaches to the appraisement by Customs. Moreover, the evidence submitted by plaintiff is directly contradicted by the contents of the report of investigation which defendant placed in evidence.

In its post-trial brief, plaintiff questions the ruling of the court which excluded from evidence the Chung Hing invoices, as well as the ruling which allowed into evidence Customs' report of investigation.

Except as otherwise provided by law or by the rules of the court, the Federal Rules of Evidence apply to all civil actions in the Court of International Trade. 28 U.S.C. 2641(a). Plaintiff correctly observes that both the Chung Hing invoices and the customs report constitute hearsay evidence, i.e., they are out of court statements offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c). Neither exhibit is admissible in evidence unless it falls within one of the exceptions to the hearsay rule provided by the Federal Rules of Evidence or by "Act of Congress." Fed. R. Evid. 802.

The customs report, though subject to the hearsay rule, is admissible into evidence under an exception established by an act of Congress, 28 U.S.C. 2639(c). That section provides:

(c) Where the value of merchandise or any of its components is in issue in any civil action in the Court of International Trade—

(1) Reports or depositions of consuls, customs officers, and other officers of the United States, and depositions and affidavits of other persons whose attendance cannot reasonably be had, may be admitted into evidence when served upon the opposing party as prescribed by the rules of the court;

This provision has been interpreted to mean that, subject to the discretion of the trial judge, reports of customs officers may be admitted into evidence without regard to the reporting officer's availability to testify. *United States* v. *Gehrig, Hoban & Co.,* 54 CCPA 129, 133, C.A.D. 924 (1967). The expression "whose attendance cannot reasonably be had" does not qualify the reference to customs agents. *Id.* The court, in the present case, having no reason to doubt the authenticity, reliability or veracity of the customs report, thus properly admitted the document into evidence.

Application of the hearsay rule to plaintiff's exhibits, the Chung Hing invoices, resulted in their exclusion from evidence. The documents were plainly hearsay, and plaintiff was unable to demonstrate, either at trial or in its post-trial brief, that they fell within any exception to the hearsay rule. The Chung Hing invoices were thus properly excluded from evidence.

Since plaintiff did not bear its burden of proof, the appraised values are affirmed.

Enter judgment accordingly.