[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12652
Non-Argument Calendar

_____

Agency Docket No. A70-921-269

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2005
THOMAS K. KAHN
CLERK

ALAIN H. GALVEZ-ESCOBAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

On Petition for Review from a Final Order
of the Board of Immigration Appeals

_____

(June 13, 2005)

Before BIRCH, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Alain Harry Ricardo Galvez-Escobar, a native and citizen of Guatemala, petitions for review of the Immigration Judge's ("IJ's") denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"), which

the Board of Immigration Appeal ("BIA") affirmed without opinion.[1]  On appeal, Galvez-Escobar argues the IJ erred by admitting into evidence and considering an asylum rejection letter, which was written by Galvez-Escobar's asylum officer after his asylum interview.  Galvez-Escobar highlights that no attempts were made to secure any witnesses that would have personal knowledge of the 1994 asylum interview or of the statements made by him in the interview, which were presented solely as part of the asylum rejection letter.  After thorough review of the record and careful consideration  of the parties' briefs, we affirm.

When the BIA affirms an IJ's asylum denial without opinion, the IJ's decision constitutes the final agency determination to be reviewed by this Court.  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005).  We review decisions on the admissibility of evidence for abuse of discretion.  Cf. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000) (reviewing district court's admissibility decision).

An IJ may consider evidence in the form of "any oral or written statement that is material and relevant to any issue in the case previously made by the respondent." See 8 C.F.R. § 1240.46(b).  "Uncontradicted hearsay evidence is admissible in

---

[1] In his order, the IJ also denied asylum and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").  In his brief, Galvez-Escobar seeks our review only as to the portion of the IJ's order denying INA relief in his brief and, accordingly, we treat any claims as to CAT relief as waived.  See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (issues not argued on appeal are deemed waived).

deportation proceedings if it is probative and its use is not 'fundamentally unfair so as to deprive petitioner of due process.'" Tashnizi v. INS, 585 F.2d 781, 782-3 (11th Cir. 1978); see also Zahedi v. INS, 222 F.3d 1157, 1164 n.6 (9th Cir. 2000) (holding that in immigration proceedings, documentary evidence is admissible so long as it is probative and its admission is fundamentally fair); Bustos-Torres v. INS, 898 F.2d 1053, 1055 (5th Cir.1990) (holding that the due process test for admissibility of evidence in a deportation hearing "is whether the evidence is probative and whether its use is fundamentally fair").

Moreover, we have held that the "admission of routinely and mechanically kept I.N.S. records, such as the I-194 form and warrants of deportation, does not violate Rule 803(8)(B) [the public records exception to the hearsay rule]." United States v. Augustino-Hernandez, 14 F.3d 42, 43 (11th Cir. 1994). Pursuant to Rule 803(8)(B),

> [t]he following are not excluded by the hearsay rule, even though the declarant is unavailable as a witness:
>
> (8) Public records and reports . . . . (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . . .

Fed. R. Evid. 803(8)(B). The Department of Homeland Security ("DHS") is required by regulation to adjudicate asylum applications. See 8 C.F.R. § 208.9(a). Asylum officers are appointed to adjudicate those applications. See 8 C.F.R. § 208.9(b). The asylum officers have a duty to conduct interviews to "elicit all relevant and useful

information bearing on the applicant's eligibility for asylum." Id. Statements by asylum applicants to the asylum officer during the asylum interview are given under oath and referred to as "testimony." 8 C.F.R. §§ 208.9(c), 208.13(a). Upon completion of the asylum interview, the asylum officer has a duty to inform an applicant of the decision on his or her application, either in person or in writing, and an asylum officer's decision, along with the application, supporting information, and any comments constitutes the "record" of the decision. 8 C.F.R. § 208.9(e), (f).

Here, the IJ did not err in its consideration of the asylum rejection letter, which follows the regulation requirements by reporting Galvez-Escobar's testimony at the asylum interview and advising Galvez-Escobar of the INS's intent to deny the asylum application based on its lack of credibility. Moreover, the evidence was probative and its admission was fundamentally fair because it assisted in verifying the credibility of Galvez-Escobar's claims. Accordingly, we can find no abuse of discretion in the IJ's decision and deny this petition for review.

**PETITION DENIED.**