[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14801
Non-Argument Calendar
_____

Agency No. A088-054-789


TOMAS ALEJANDRO MANCINAS-HERNANDEZ,
a.k.a. Filiberto Alvarado,

Petitioner-Appellant,

versus

US ATTORNEY GENERAL,

Respondent-Appellee.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 6, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Alejandro Mancinas-Hernandez ("Hernandez") petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of the Immigration Judge's ("IJ") decision that found he was removable and statutorily ineligible for adjustment of status. After review, we deny the petition.

## I.  BACKGROUND FACTS

### A.    Removal Proceedings

In June 1996, Hernandez, a citizen of Mexico, was admitted to the United States as a nonimmigrant visitor with authorization to remain until July 2, 1996. Hernandez remained in the United States, without authorization, for years beyond the date permitted by his visa. In 2003, Hernandez began working at Alatrade Foods ("Alatrade") in Alabama without authorization. In 2006, Hernandez married a U.S. citizen with whom he had two children.

In 2007, Hernandez was served with a Notice to Appear ("NTA") charging him with removability. The initial NTA charged Hernandez with being present in the United States without inspection. An amended NTA, however, dropped the initial ground and instead charged Hernandez with three new grounds for removability: (1) remaining in the United States longer than permitted, Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B); (2) failing to comply with the conditions of the nonimmigrant status under which he was admitted by working at Alatrade, INA § 237(a)(1)(C), 8

2

U.S.C. § 1227(a)(1)(C); and (3) falsely representing himself to be a United States citizen for any purpose or benefit under the INA by signing an I-9 Form for employment verification using the name Filiberto Alvarado to obtain work at Alatrade, INA § 237(a)(3)(D), 8 U.S.C. § 1227(a)(3)(D).

Hernandez conceded removability on the first two grounds, but denied the third ground and sought adjustment of status to a lawful permanent resident based on his marriage to a U.S. citizen.  An alien bears the burden of proving his eligibility for adjustment of status, including, inter alia, that he is admissible.  INA § 240(c)(4)(A), 8 U.S.C. § 1229a(c)(4)(A), INA § 245(a), 8 U.S.C. § 1255(a).  An alien who falsely claims U.S. citizenship on the employment verification documentation required by INA § 274A, 8 U.S.C. § 1324a, is inadmissible.  INA § 212(a)(6)(C)(ii)(I), 8 U.S.C. § 1182(a)(6)(C)(ii)(I).  Thus, an alien who does so is not eligible to adjust his status to lawful permanent resident.

## B.    Hearings Before the IJ

At a hearing before the IJ, Hernandez, represented by counsel, admitted that he resided at the address on the I-9 Form, but denied signing the I-9 Form. Hernandez testified that he obtained employment at Alatrade under his real name without completing any forms or showing any identification other than his Mexican-issued identification.

The government sought to introduce Hernandez's sworn statement given to an immigration officer in which Hernandez admitted he had been employed at Alatrade under the name Filiberto Alvarado. Hernandez objected because the government had not complied with the immigration court's rule requiring submission of evidence fifteen days before the hearing. The IJ overruled the objection because Hernandez's sworn statement was impeachment evidence. Hernandez admitted that he had signed the sworn statement, but said that he could not read English and had not known at the time what he was signing. Hernandez stated that immigration officials told him "to sign papers in order to not get deported and detained."

In his defense, Hernandez submitted documents showing that in March 2007 Hernandez was charged in Alabama state court with two counts of second degree forgery, but that the state court dismissed the case in March 2010 after a grand jury "no billed" the charges.

The IJ continued the April 22, 2011 hearing to give Hernandez an opportunity to obtain documentation from his former employer Alatrade showing that Hernandez had worked there under his real name and had not submitted false identifying information. At a subsequent May 5, 2011 hearing, however, Hernandez's counsel indicated that Hernandez did not wish to supplement the record.

4

## C.    IJ's Decision

Following the second hearing, the IJ issued an oral decision finding Hernandez removable on all three charges.  The IJ sustained the first two charges based on Hernandez's concessions.  As to the third, disputed ground, the IJ concluded that the government had carried its burden to establish Hernandez's removability.

The IJ discredited Hernandez's testimony denying that he worked at Alatrade under the alias Filiberto Alvarado and that he signed the I-9 Form.  The IJ found that Hernandez's sworn statement that he had used the alias to work at Alatrade had a high degree of reliability and was properly admitted for impeachment purposes.  The IJ noted, however, that he would have found Hernandez not credible even if he had excluded Hernandez's sworn statement.  The IJ further explained that Hernandez's testimony about how he obtained the job at Alatrade was implausible without corroborating evidence from Alatrade.

Accordingly, the IJ concluded that the government had demonstrated removability under INA § 237(a)(3)(D) for falsely claimed U.S. citizenship on the I-9 Form to obtain employment at Alatrade and that Hernandez had not demonstrated eligibility for adjustment of status.  The IJ ordered Hernandez removed to Mexico.

## D.    Appeal to the BIA

On appeal to the BIA, Hernandez challenged the IJ's admission of Hernandez's sworn statement and the IJ's adverse credibility finding. The BIA dismissed Hernandez's appeal. The BIA agreed with the IJ that Hernandez's sworn statement was properly admitted for impeachment purposes and, as such, was not subject to the "generally applicable deadlines for timely submission of evidence." The BIA concluded that the use of the sworn statement was not fundamentally unfair and was "probative with respect to the veracity of [Hernandez's] testimony."

Because Hernandez's sworn statement was properly admitted, the BIA also determined that the IJ's credibility finding as to Hernandez's testimony was not clear error. The BIA explained that the IJ's credibility finding was permissibly based on inconsistencies between Hernandez's sworn statement and his hearing testimony. The BIA specifically noted that: (1) although Hernandez identified his signature on the sworn statement as his, he disclaimed ever using the Filiberto Alvarado alias for employment purposes; (2) Hernandez's explanations had not persuaded the IJ; and (3) although Hernandez was given a continuance and the opportunity to obtain employment records from Alatrade to verify that he worked there under his own name, he failed to present such evidence.

Finally, the BIA rejected Hernandez's claim that because the IJ had not mentioned the grand jury's "no bill" in his decision, the IJ had not sufficiently

6

taken into account that evidence.  Nonetheless, the BIA took administrative notice of this evidence and concluded that, when considered "within the context of the Immigration Judge's other factual and credibility findings," it did not establish clear error in the IJ's decision.  The BIA noted that: (1) the court document did not indicate what charge was "no billed," or the basis for the "no bill" determination and thus was "not entitled to any considerable degree of weight"; and (2) a false claim conviction was not necessary to sustain a charge under § 237(a)(3)(D).

## II.  DISCUSSION

### A.    Jurisdiction

As a threshold matter, we note that we lack jurisdiction to review the discretionary decision to deny Hernandez's application for adjustment of status. See INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i).  However, we retain jurisdiction to review colorable constitutional claims and questions of law, such as statutory eligibility for discretionary relief.  See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); Alvarado v. U.S. Att'y Gen., 610 F.3d 1311, 1314 (11th Cir. 2010).  Hernandez raises two such claims: (1) whether the IJ's admission of his sworn statement was "fundamentally unfair," and thus violated his due process

7

rights; and (2) whether the IJ violated the Full Faith and Credit Act ("FCCA") by failing to adequately consider the grand jury's return of a "no bill."[1]

## B.    Due Process Claim

Aliens are entitled to due process in removal proceedings, which is "satisfied only by a full and fair hearing." Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir. 1987). To prevail in a due process challenge, the alien must demonstrate substantial prejudice by showing that, absent the alleged due process violation, "the outcome would have been different." Id. ; see also Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1263 (11th Cir. 2003) (stating that alien could not show due process violation where the result of the removal proceedings "would have been the same in the absence of the alleged procedural deficiencies"). In other words, an alien asserting that the admission of evidence amounted to a due process violation must show that, but for the admitted evidence, the outcome would have been different.

To safeguard due process rights, the INA provides that an alien shall have, among other things, "a reasonable opportunity to examine the evidence against the alien." The Federal Rules of Evidence, however, do not apply in immigration

---

[1] "We review our subject matter jurisdiction de novo." Alvarado v. U.S. Att'y Gen., 610 F.3d 1311, 1314 (11th Cir. 2010). "We review only the BIA's decision, except to the extent it expressly adopts the IJ's opinion or reasoning." Zhu v. U.S. Att'y Gen., 703 F.3d 1303, 1307 (11th Cir. 2013) (quotation marks and brackets omitted). We review de novo legal conclusions and constitutional issues. Id.

proceedings.  Garces v. U.S. Att'y Gen., 611 F.3d 1337, 1347 (11th Cir. 2010).

Rather, in immigration proceedings, evidence is admissible "if it is probative and

its use is not fundamentally unfair so as to deprive [the] petitioner of due process."

See Tashnizi v. INS, 585 F.2d 781, 782-83 (5th Cir. 1978) (concerning hearsay

evidence).[2]

An IJ may consider evidence in the form of an "oral or written statement that

is material and relevant to any issue in the case previously made by the respondent

or any other person."  8 C.F.R. § 1240.46(b).  Under the rules governing

immigration court procedure, "[f]or individual calendar hearings involving non-

detained aliens, filings must be submitted at least fifteen (15) days in advance of

the hearing."  U.S. Dep't of Justice, Exec. Office of Immigration Rev.,

Immigration Court Practice Manual ("Practice Manual"), § 3.1(b)(ii)(A).

However, this filing requirement "does not apply to exhibits or witnesses offered

solely to rebut and/or impeach."  Id.[3]

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3]Contrary to Hernandez's assertion, the Practice Manual's filing requirements are not necessarily binding, but rather are binding on the parties subject to the IJ's discretion. See Practice Manual, § 1.1(b) (stating that the manual's provisions are binding unless the IJ "directs otherwise in a particular case"), § 3.1(d)(ii) (giving the IJ "the authority to determine how to treat an untimely filing" and warning parties that the consequences of untimely filing an exhibit is "sometimes" that the evidence is not entered or is given less weight).

Here, Hernandez has not shown a due process violation.  First, we reject Hernandez's claim that the IJ failed to comply with the Practice Manual in admitting Hernandez's sworn statement.  The sworn statement was admitted only after Hernandez testified that he did not work at Alatrade under the alias Filiberto Alvarado.  Hernandez's prior sworn statement directly contradicted his hearing testimony and thus was impeachment evidence.  To the extent Hernandez complains that the evidence was used to prove he signed the I-9 Form as Filiberto Alvarado, a U.S. citizen, the exception to the pre-hearing filing requirement applies to both impeachment and rebuttal evidence.

Moreover, the IJ found that, even absent the sworn statement, Hernandez's hearing testimony—that he obtained employment at Alatrade under his own name without completing any forms and by showing only his Mexican-issued identification—was "almost implausible" and required corroboration from Alatrade to be believed.  Although Hernandez was given two weeks to obtain such evidence from Alatrade, he failed to do so.  Thus, the IJ's adverse credibility determination did not turn on the sworn statement, but on Hernandez's failure to corroborate his otherwise implausible testimony even though he was given additional time to do so.  Under these circumstances, Hernandez has not shown that, had the IJ excluded the sworn statement, the outcome of his removal hearing would have been different.  "Without the necessary showing of substantial

10

prejudice, [Hernandez's] challenge to the fairness of the proceeding fails." See Ibrahim, 821 F.2d at 1550. [4]

Finally, there is no merit to Hernandez's argument that by admitting the sworn statement, the IJ somehow impermissibly shifted the burden of proof to Hernandez to prove that he was not removable. The record reflects that the IJ clearly understood that the government had the burden to prove Hernandez's removability by clear and convincing evidence and that Hernandez had the burden to prove that he was eligible for adjustment of status and properly applied the parties' respective burdens in his final removal order.

## C.    FFCA Claim

Hernandez argues that the IJ violated the Full Faith and Credit Act by making findings inconsistent with the state court grand jury's "no bill."

The FFCA provides that "records and judicial proceedings of any court of any such State . . . shall be proved or admitted in other courts within the United States . . . [and] shall have the same full faith and credit in every court within the United States" as in the courts of that State. 28 U.S.C. § 1738. Under the FFCA, a federal court generally must give a state court judgment "the same effect that it

---

[4]While we have jurisdiction to review constitutional issues and questions of law as to the denial of Hernandez's request for adjustment of status, we do not have jurisdiction to review the IJ's underlying fact findings. See Jean-Pierre v. U.S Att'y Gen., 500 F.3d 1315, 1322 (11th Cir. 2007) (reviewing whether undisputed facts met the legal standard for torture). Thus, to the extent Hernandez challenges the IJ's adverse credibility finding or the factual determination that Hernandez signed the I-9 Form using the name Filiberto Alvarado and represented himself to be a U.S. citizen to obtain employment at Alatrade, those findings are not reviewable.

would have in the courts of the State in which it was rendered." Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 369, 116 S. Ct. 873, 876 (1996). To determine the preclusive effect of a state court judgment in a subsequent federal action, we look to the preclusion rules of the state. Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S. Ct. 1327, 1331-32 (1985).

The BIA has applied the FFCA in immigration proceedings. Specifically, in cases where the basis for removability is a criminal conviction, the BIA gives full faith and credit to a state court judgment showing that the alien's conviction has been vacated. See In re Rodriguez-Ruiz, 22 I.&N. Dec. 1378, 1380 (BIA 2000) (involving charge of removability as an alien convicted of an aggravated felony). This Court has concluded, however, that when the basis for removability is the underlying conduct rather than the criminal conviction itself, the underlying facts can still support a finding of removability even if the conviction is vacated so long as "they are established by reasonable, substantial and probative evidence." Garces v. U.S. Att'y Gen., 611 F.3d 1337, 1347 (11th Cir. 2010) (involving charge of removability as an alien whom the Attorney General "knows or has reason to believe" is a drug trafficker).

Here, as in Garces, the grounds for removability did not hinge on the existence of a criminal conviction. Rather, the government needed to prove only that Hernandez falsely claimed he was a U.S. citizen on an I-9 Form, whether or

12

not that conduct led to a criminal conviction.  Thus, the underlying facts that led to Hernandez's now-dismissed criminal charges can also support a finding of removability if they were properly proved by the government.  See Garces, 611 F.3d at 1347.  Moreover, Hernandez, not the government, bore the burden of establishing his eligibility for adjustment of status "clearly and beyond doubt."  See INA §§ 240(c)(2)(A), (4)(A), 8 U.S.C. §§ 1229a(c)(2)(A), (4)(A).

In any event, there is nothing to suggest that the BIA did not give the "no bill" the same effect that an Alabama court would give it.  Hernandez did not cite any Alabama law indicating that the state court's dismissal of the forgery charges based on the grand jury's return of a "no bill" would bar any future civil litigation, much less litigation on the issue of whether Hernandez made a false claim of U.S. citizenship by signing the I-9 Form.  Our own research suggests otherwise.  See Ex Parte State Alcoholic Beverage Control Bd., 654 So. 2d 1149, 1152-53 (Ala. 1994) (concluding that the dismissal of criminal charges did not preclude a subsequent state administrative proceeding); M.L.E. v. K.B. ex rel. A.B., 794 So. 2d 1143, 1147 (Ala. Civ. App. 2000) (concluding that an acquittal did not preclude a subsequent civil action).

Additionally, contrary to Hernandez's claims, the state court documents do not show why the grand jury declined to indict him, what evidence the grand jury examined before making its decision, or even if the dismissed forgery charges were

13

based on Hernandez's alleged signing of the I-9 Form in the name of Filiberto Alvarado. The state court documents show only that an Alabama grand jury declined to indict Hernandez on forgery charges. Under these circumstances, the IJ's fact findings did not violate the FFCA.[5]

**PETITION DENIED.**

---

[5]There is no merit to Hernandez's claim that the state court documents were not considered. The parties discussed the documents during Hernandez's hearings and in their briefs filed with the IJ. Although the IJ did not mention them in his oral decision, the IJ is not required to discuss explicitly every piece of evidence an alien presents. See Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010). Further, the BIA took administrative notice of the state court documents and explicitly addressed them, but concluded that they had little probative weight because they did not indicate the basis for the grand jury's "no bill." See 8 C.F.R. § 1003.1(d)(3)(iv) (permitting BIA to take administrative notice of the contents of official documents).